Affirmed and Memorandum Opinion filed January 23, 2003
















Affirmed and
Memorandum Opinion filed January 23, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01235-CR

_______________

 

JOHNNY MANUEL
LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________

 

On Appeal from 212th District Court

Galveston County, Texas

Trial Court Cause No. 97CR1910

__________________________________________

 

M E M O R A N D U M   O P I N I O
N

            In a single point of error, Johnny
Lopez appeals his conviction for murder for remuneration.  Specifically, he contends the trial court erred in failing to suppress his confession because the
police (1) failed to timely and adequately inform his mother about his
arrest; (2) took his confession in her absence; and (3) questioned him after
taking him to the juvenile detention center. 
We affirm.




Facts

            Appellant, 16 years old,
participated in the murder of Curtis Holder for a $50,000 payment.  League City Police Officer Charles Slade,
with two other detectives, took appellant into custody for questioning about the
crime at 11:40 a.m. on June 3, 1997.  They arrived at the police department at 12:20 p.m., and Officer Slade placed
appellant in a juvenile processing office, while a dispatcher called
appellant’s mother, Angie Lopez.  Officer
Slade testified that when Mrs. Lopez returned the telephone call at 2:00 p.m., he explained why her son was
being held for questioning.  Because she
had no available transportation, he arranged for a police car to pick her
up.  Mrs. Lopez testified that she was
not contacted by a police dispatcher and that Officer Slade did not explain why
her son was at the police station. 
Instead, she stated she was told only to come to the police station as
soon as possible.  

            Meanwhile, police showed appellant
photographs of his accomplice and the victim’s wife.  Police discovered that appellant was in
possession of a gold money clip, which belonged to the victim.  At 2:13 p.m., they took
appellant before Magistrate Judge Foster, who warned appellant and informed him
of his rights.  Then, at 3:18 p.m., appellant gave his first
statement.  Although appellant did not
implicate himself, the police returned him to the magistrate for further
warnings, which were completed at 4:15 p.m.

            By this time, police were nearing
the six-hour limit under section 52.025(d) of the Family Code to detain
appellant in a juvenile processing office. 
Thus, they delivered appellant to Sergeant Gary Ratliff at 4:17 p.m. for transport to Galveston County’s juvenile
detention center.  Before his transport,
appellant was permitted to speak with his mother, who had just arrived.  Afterwards, appellant admitted to Sergeant
Ratliff that he had “messed up” and, when asked, stated that he wished to give
a second statement. 

            Sergeant Ratliff left the police
station with appellant at 5:40 p.m., arrived
at the juvenile detention center at 6:05 p.m., and
returned to the police station with appellant at 6:36 
 class=Section2>
 p.m.  By this time,
appellant’s mother had already gone home. 
Upon return to the police station, the magistrate administered warnings
and advised appellant regarding his rights. 
Appellant gave his second statement from 7:48 p.m. until 9:00 p.m., this time
fully confessing his part in the crime.  

Family Code
Violations

            Appellant
contends that police took his confession in violation of sections 52.02(a),
52.02(b), and 52.025(c) of the Family Code.  Tex. Fam. Code Ann. §§ 52.02(a); 52.02(b); 52.025(c) (Vernon Supp.
2002) (setting forth procedures for parental notification and release or
detention of juvenile held in processing center).  Accordingly, he argues that the trial court
should have suppressed the statement. 
However, appellant did not complain of any violation of sections 52.02
and 52.025 in his written motion to suppress or at the trial court
hearing.  Therefore, appellant waives
review under these grounds.  Turner v. State, 805
S.W.2d 423, 431 (Tex. Crim. App. 1991); Jeffley v. State 38 S.W.3d 847, 853 (Tex. App.—Houston [14th Dist.], 2001 pet ref’d.); Davis v. State, 22 S.W.3d 8, 11 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) (holding
a motion to suppress which states one legal theory cannot be used to support a
different legal theory on appeal). 
Appellant raised violation of section 51.09 of the Family Code in his
motion to suppress, but he did not raise this issue on appeal.  Having failed to preserve any alleged error,
appellant presents nothing for review.  Tex. R. App. P. 33.1.  Accordingly, the judgment of the trial court
is affirmed.   

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 23, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).